## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**CESAR PEREZ**, individually,

Case No. _____

**Plaintiff,**

**v.**

**BERES BAR & PUB, INC. d/b/a
MUGS ALE HOUSE,** a New York for
profit corporation,

**Defendants.**
_____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, CESAR PEREZ, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendant BERES BAR & PUB, INC. d/b/a MUGS ALE HOUSE for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*.

**I. General Allegations Establishing Jurisdiction**

1. Plaintiff CESAR PEREZ is an individual with a disability as defined by the ADA.

2.   Plaintiff CESAR PEREZ is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA"), which entitles Plaintiff to all attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

3.   Notice prior to initiating suit is **not** mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants as their violations have been ongoing since enactment of the ADA.

4.   This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

5.   The property at issue is located in Kings County, New York at 125 Bedford Avenue (hereinafter "Property").

6.   The Property is being operated as a food service establishment – a "place of public accommodation (*see* 28 CFR 36.201(a))" – by Defendant BERES BAR & PUB, INC. d/b/a MUGS ALE HOUSE (hereinafter "MUGS ALE HOUSE"), who is a tenant on the Property.

7.   Venue properly lies in the Eastern District of New York as it is the federal judicial district which the property is located and on which the violative establishment is conducting business.

## II.    **Plaintiff PEREZ**

8.    Plaintiff PEREZ is married and has three step children – all of whom live in New York.

9.    Although Plaintiff PEREZ travels many places on his motorized scooter, he commutes principally using Access-a-Ride and the MTA/New York City Transit Bus System or by receiving assistance from his family.

10.    Plaintiff PEREZ (hereinafter "PEREZ"  or "Plaintiff PEREZ") is a fifty-one (51) year old married man living with his wife in Brooklyn, New York, is sui juris, and qualifies as an individual with a disability as defined by the ADA.

11.    Plaintiff PEREZ has been suffering from a variety of medical ailments since first developing pancreatitis in 2003, including severe diabetes and shortness of breath.

12.    Following a heart attack in 2004, after which Plaintiff PEREZ was diagnosed with diabetic neuropathy, Plaintiff PEREZ began receiving disability.

13.    Diabetic neuropathy is a type of nerve damage that occurs as a result of severe diabetes. In Plaintiff PEREZ' case, the nerve damage caused by his diabetes effects the blood vessels throughout his hands, legs and feet as well as in his heart. There is no known treatment to reverse the nerve damage.

14.   As a result of his diabetic neuropathy, Plaintiff PEREZ has been confined to a wheelchair since late 2004 having lost the use of his legs. His condition has also affected his upper body and arms leaving Plaintiff PEREZ with limited use of his hands.

15.   As the neuropathy progresses Plaintiff PEREZ suffers more and more pain and continues to lose any functionality in his limbs.

16.   When Plaintiff PEREZ was visiting MUGS ALE HOUSE he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying his the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at MUGS ALE HOUSE equal to those afforded to other individuals.

III.   **ADA Prohibits Barriers Impeding Access By Disabled Individuals**

17.   The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

18.   The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part

36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that operators of "commercial establishments" are responsible for complying with these federal Accessibility Standards.

19. Defendant has and is continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities since enactment of the ADA.

20. As a result of Defendant being continually non-compliant with the ADA, Plaintiff PEREZ is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

## IV.   **<u>MUGS ALE HOUSE</u>**

21. The present violations at Defendants' facility threaten Plaintiff's safety as they create hazards impeding access.

22. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

23.     A preliminary inspection of MUGS ALE HOUSE reveals  the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

a.      inaccessible path of travel leading to entrance;

b.      inaccessible entrance as existing step at path of travel leading to entrance acts as a barrier to accessibility without required ramp;

c.      existing rise in floor level at entrance door threshold acts as a barrier to accessibility without required ramp;

d.      required minimum clear width not provided at opening of either leaf at  the double leaf entrance door;

e.      required minimum maneuvering clearance not provided at entrance door;

f.      non-compliant door knob at entrance door requires twisting of the wrist;

g.      inaccessible dining tables;

h.      inaccessible path of travel leading to elevated platform dining area as step at path of travel leading to elevated platform dining area without required ramp;

i.      required minimum knee and toe clearance not provided at dining tables located at ground level dining tables;

j.      percentage of existing dining tables required to be accessible not provided;

k.      inaccessible bar;

l.      non-compliant height of bar exceeds maximum height allowance;

m.      required toe and knee clearance not provided at bar as portion of bar required to be accessible not provided;

n.      inaccessible restroom as required minimum clear width not provided at restroom door opening;

o.      required minimum turning space not provided in restroom;

p.      restroom door swings into the required floor space of lavatory and urinal;

q.      inaccessible lavatory as inaccessible path of travel to lavatory;

r.      required minimum maneuvering clearance allowing a forward approach not provided at lavatory;

s.      required minimum clear floor space not provided at lavatory;

t.      required minimum toe and knee clearance not provided at lavatory;

u.      inaccessible mirror located above lavatory as mounted height of mirror exceeds maximum height allowance;

v.      inaccessible urinals as required minimum maneuvering clearance allowing a forward approach not provided at urinals;

w.      required minimum clear floor space not provided at urinals;

x.      non-compliant height of urinal flush controls exceed maximum height allowance;

y.      inaccessible toilet stall compartment;

z.      inaccessible water closet as required minimum clear width not provided at toilet stall door opening;

aa.     toilet stall door swings into the required floor space of urinals;

bb.     non-compliant door knob at toilet stall door requires twisting of the wrist;

cc.     required minimum space not provided in toilet stall compartment;

dd.     required minimum turning space not provided in toilet stall compartment;

ee.     required minimum clear floor space not provided at water closet;

ff.     required grab bars not provided at rear and side walls of water closet;

gg.     failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

24.    The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of

Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

25. Plaintiff plans on returning to MUGS ALE HOUSE to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

26. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: DECLARATORY JUDGMENT

27. When Plaintiff PEREZ visited MUGS ALE HOUSE he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 23.

28. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

29. Defendant is denying Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

30. As a result of Defendant continuously violating of Title III of the ADA Plaintiff PEREZ has and is suffering actual harm in the form of personal injury, including humiliation and a sense of isolation and segregation, which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

31. A declaration that Defendant was in violation of the ADA at the time Plaintiff first suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendant's compliance with the law.

32. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendant (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time

of Plaintiff's visit; and ((B) as a result of architectural barriers Defendant has effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## COUNT II: INJUNCTIVE RELIEF AGAINST MUGS ALE HOUSE

33.   Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 26 above as if set forth specifically herein.

34.   MUGS ALE HOUSE is being operated as a place of public accommodation in violation of ADA.

35.   Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 23 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

36.   Defendant continues to discriminate against Plaintiff and those similarly situated by operating MUGS ALE HOUSE and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

37.   Modifications in Defendant MUGS ALE HOUSE's practices, policies and procedures are necessary to afford all offered goods, services, facilities,

privileges, advantages and/or accommodations to individuals with disabilities.

38. Said modification  are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

39. Plaintiff is suffering true and actual harm by Defendant MUGS ALE HOUSE operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

40. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

41. Plaintiff is without any adequate remedy and law.

42. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for

having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

43. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

a.   Injunctive relief against Defendant;

b.   award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

c.   any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on April 9, 2016.

<div style="margin-left:3em">

**By:  /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666
**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009

</div>