**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**CESAR PEREZ,**

                              **Plaintiff,**                    **MEMORANDUM**
                                                                   **AND ORDER**

        **-against-**

                                                                        **16-CV-1729 (ILG)**

**BERES BAR & PUB, INC. d/b/a MUGS**
**ALE HOUSE,**

                              **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff Cesar Perez ("plaintiff") brought this action against defendant Beres Bar & Pub, Inc. ("defendant") pursuant to Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., which prohibits disability discrimination in places of public accommodation. Currently pending before this Court are plaintiff's motions to compel discovery, to strike defendant's response to plaintiff's motion to compel, and to seal his motion to strike and plaintiff's reply to defendant's response to the motion to compel. See Letter to Court from Tara Demetriades, Esq. dated October 4, 2016 ("Pl. Motion to Compel") (Oct. 4, 2016), Electronic Case Filing Docket Entry ("DE") #14; Motion for Leave to E-File A Sealed Document ("Pl. Motion to Seal") (Oct. 21, 2016), DE #20; Plaintiff's Motion to Strike ("Pl. Motion to Strike") (Oct. 21, 2016), DE #20-1; Plaintiff's Reply Letter dated October 21, 2016 ("Pl. Reply") (Oct. 21, 2016), DE #20-2. Plaintiff also seeks sanctions against defendant and defendant requests that the Court remove Tara Demetriades, Esq. as counsel for plaintiff. See Pl. Reply; Response to Motion (Oct. 11, 2016) ("Def. Response"), DE #16.

## Plaintiff's Motion to Compel

As a preliminary matter, plaintiff's motion to compel fails to comply with Local Civil Rule 37.1 of this Court, which requires that "the moving party . . . specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed." E.D.N.Y. Local Civ. R. 37.1. The subject of plaintiff's motion to compel is defendant's failure to serve responses to plaintiff's first request for the production of documents and defendant's inadequate responses to plaintiff's first set of interrogatories. Yet, despite plaintiff's citations to exhibits containing the discovery requests at issue, plaintiff failed to attach any exhibits to his motion. In fact, plaintiff does not specify or quote in his motion any of the document requests at issue, and the quotes from the interrogatories and responses are incomplete.

Nonetheless, this Court endeavors to address the discovery deficiencies raised by plaintiff in his letter-motion. Defendant's letter in opposition does not address plaintiff's claim that defendant failed entirely to respond to plaintiff's request for documents, served on August 9, 2016. See generally Def. Response.[1] Accordingly, plaintiff's motion to compel responses to his document requests is granted without opposition. Defendant must serve responses to plaintiff's document requests by November 10, 2016.

As to the specific interrogatories for which plaintiff contends defendant served

---

[1] In supplementing its response to Interrogatory #16, defendant states that "[t]here exist no documents that support Defendant's defenses to this action." Def. Response at 4. That does not relieve defendant of its obligation to respond to plaintiff's document demands, which presumably also seek documents supporting his claims. (Of course, since plaintiff did not attach a copy of his requests to his motion, the Court does not know precisely what documents are sought.)

inadequate responses, Interrogatories #2 and #3 seek identification of "every individual who has knowledge of and/or information relevant" to the claims or defenses asserted in this case. See Pl. Motion to Compel at 1-2. Defendant responded that Edward Berestecki, defendant's "owner/operator," is the only person with such knowledge. See Def. Response at 2. Plaintiff seeks an order precluding defendant from offering any witnesses other than Mr. Berestecki in defense of plaintiff's claims or in support of defendant's affirmative defenses. See Pl. Motion to Compel at 2. Since fact discovery closed on October 24, 2016, and defendant has identified no person with knowledge apart from Mr. Berestecki, defendant is precluded from offering any other witnesses in support of his defenses. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); Lujan v. Cabana Mgmt., Inc., 284 F.R.D. 50, 71-76 (E.D.N.Y. 2012) (precluding exhibits not timely disclosed in discovery).[2]

Similarly, Interrogatory #16 seeks the identification of documents relevant to defendant's defenses. See Pl. Motion to Compel at 2. Defendant responded that no responsive documents exist. See id.; Def. Response at 4. Thus, by operation of Rule 37(c)(1), defendant is precluded from offering in support of its defenses any documents that have not been disclosed in discovery, without prejudice to a future application by defendant to the extent that his failure to disclose was "substantially justified or is harmless."

---

[2] Such a preclusion order is without prejudice to a future application by defendant in the event that his failure to disclose was "substantially justified or is harmless."

In Interrogatory #7, plaintiff asks for the "dates of any construction completed" to the premises. See Pl. Motion to Compel at 2. Defendant has supplemented his response to state that there "has been no construction other than minor repairs to the premises . . . ." Def. Response at 4. Defendant's supplemented response is adequate.

Plaintiff requests information about defendant's "Federal and State income tax preparers and financial records custodians" in Interrogatory #13. See Pl. Motion to Compel at 2. Defendant objected on relevance grounds and asserted "attorney-client or accountant-client privilege[,]" arguing that "information concerning tax preparers [is] privileged under 26 U.S. Code § 7525 which establishes confidentiality privileges relating to taxpayer communication." Def. Response at 4.

First, information concerning defendant's finances is relevant to whether removing an architectural barrier to access is "readily achievable." See 42 U.S.C. § 12181(9)(C). The plaintiff bears the initial burden of establishing that the modifications sought to the premises are "readily achievable." See Panzica v. Mas-Maz, Inc., No. 05-cv-2595 (ARL), 2007 WL 1732123, at *5 (E.D.N.Y. June 11, 2007). The factors to be considered in determining whether the removal of a barrier is "readily achievable" include "the overall financial resources of the covered entity . . . ." Id. § 12181(9)(C).

Second, as recognized by defendant, the privilege codified in 26 U.S.C. § 7525 protects communications regarding tax advice between a tax preparer and their client. See 28 U.S.C. § 7525. Section 7525 provides, in pertinent part, that "the same common law protections of confidentiality which apply to a communication between a taxpayer and an attorney shall also apply to a communication between a taxpayer and any federally authorized

tax practitioner to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney." 28 U.S.C. § 7525(a). This privilege is "coterminous with the attorney-client privilege both in scope and waiver." Schaeffler v. United States, 806 F.3d 34, 38 n.3 (2d Cir. 2015). It is well established that the fact of an attorney-client relationship is not privileged. See *In re* Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 247 (2d Cir. 1986). Thus, section 7525 does not shield the identity of defendant's "tax preparers and financial records custodians." Pl. Motion to Compel at 2. Defendant's claim of privilege in response to Interrogatory #13 is overruled and defendant must supplement his response accordingly.[3]

Defendant is directed to supplement his responses to plaintiff's first set of interrogatories, as discussed above, in a formal response to be served by November 10, 2016 and signed by "the person who makes the answers," as required by Rule 33 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33(b)(5). Defendant's request to extend the deadline for completion of fact discovery and his implicit request for an extension of time for expert disclosures will be addressed at the conference set for November 18, 2016. See Def. Response at 4-5.

### **Plaintiff's Motion to Strike and for Leave to File Under Seal**

Plaintiff seeks to strike defendant's response to plaintiff's motion to compel; for

---

[3] Plaintiff's motion is apparently limited to seeking the identity of defendant's "tax preparers and financial records custodians." Pl. Motion at 2. This Court makes no determination as to the discoverability of defendant's tax returns, which courts are generally "reluctant" to order produced. See Michelman v. Ricoh Americas Corp., No. 11-cv-3633 (MKB), 2013 WL 664893, at *2 (E.D.N.Y. Feb. 22, 2013).

sanctions against defendant for disclosing privileged settlement communications; and for leave to file under seal his motion to strike and his reply letter. See Pl. Motion to Seal; Motion to Strike. Regrettably, defendant improperly disclosed information concerning the parties' confidential settlement communications in his response to plaintiff's motion to compel. Accordingly, the Court will seal defendant's response and publicly file a version of the document with the confidential settlement material redacted. Cf. United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 857 (2d Cir. 1998) (finding that there is no presumptive right of access to settlement discussions). Likewise, the Court grants plaintiff's request to seal his Motion to Strike and will publicly file a version of the document with information concerning settlement discussions redacted. However, plaintiff's request to seal her "Reply to Defendants' Answer to Plaintiff's Motion to Compel" is denied. There is no information concerning settlement discussions contained therein. Plaintiff does not explain why he or his counsel will "suffer irreparable prejudice" if their reply is not filed under seal.

Plaintiff's motion to strike defendant's response to plaintiff's motion to compel pursuant to Rule 12(f) of the Federal Rules of Civil Procedure is also denied. Defendant raised legitimate concerns in support of his request to remove plaintiff's counsel for failure to comply with Local Civil Rule 1.3 (and section 470 of New York's Judiciary Law). Although, as discussed above, the public disclosure of confidential settlement communications was improper, in this Court's view, defendant's response does not contain "immaterial, impertinent or scandalous matter." Moreover, Rule 12(f) applies only to pleadings. Defendant's response to plaintiff's motion to compel is not a pleading subject to striking under Rule 12. See Petaway v. City of New Haven Police Dep't, 541 F.Supp.2d 504, 507 (D. Conn. 2008)

(denying motion to strike summary judgment motion under Rule 12(f).

Plaintiff's request for sanctions for defendant's disclosure of settlement discussions and failure to provide discovery is denied. Although counsel for defendant is admonished for disclosing confidential settlement discussions in a publicly filed document, monetary sanctions are not warranted. As for defendant's failure to timely provide discovery, it appears that plaintiff has not timely produced documents in response to defendant's requests, which were served on August 1, 2016. Under the circumstances, the Court declines to impose sanctions on defendant for its discovery failures.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel is granted in large part, plaintiff's motion for leave to file under seal is granted in limited part only, plaintiff's motion to strike is denied, and plaintiff's request for sanctions is denied. Defendant must serve responses to plaintiff's document requests and supplement its responses to plaintiff's interrogatories by November 10, 2016. Defendant's request to remove counsel for plaintiff is taken under advisement. The deadlines for completion of fact discovery and defendant's expert disclosure will be addressed at the conference previously set for November 18, 2016.

**SO ORDERED.**

**Dated:       Brooklyn, New York**
**             November 4, 2016**

/s/      *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**